W. W. TALBOTT, Respondent, v. JOHN W. COTERAL, Appellant.

**Kansas City Court of Appeals, November 7, 1898.**

Landlord and Tenant: ACTION FOR RENT: FAILURE OF EVIDENCE. Where in an action for rent the evidence fails to show the relation of landlord and tenant between the parties, there can be no recovery.

*Appeal from the Nodaway Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

REVERSED.

GALLATIN CRAIG for appellant.

(1) Defendant's instruction number 1 demurring to the evidence, should have been given. Stag v. Tanning & Currying Co., 56 Mo. 317; Doyle v. O'Neil, 7 Mo. App. 138; Gray v. Clement, 12 Mo. App. 579; Willi v. Dryden, 52 Mo. 319; Wood v. Mathias, 21 Mo. 308; Duke v. Compton, 49 Mo. App. 304; Ebling v. Fuylein, 2 Mo. App. 252; R. S. 1889, sec. 6373, p. 1503; Schultz v. Arnott, 33 Mo. 172; Bank v. Clavin, 60 Mo. 559; Leach v. Koenig, 55 Mo. 451. (2) The verdict is not supported by any evidence, and is against the law as declared by the court, and the cause should be reversed. Martin v. Maxwell, 18 Mo. App. 176; Spooner v. Railroad, 23 Mo. App. 403; Polack v. Hannauer, 26 Mo. App. 290.

E. S. JANES for respondent.

The lease, behind which appellant tries to hide, was made by an agent, and therefore contrary to the statute in such case made and provided. R. S. 1889, sec. 5182. This, then, converted said lease

into a tenancy from month to month if Denny entered and paid rent, but this is nowhere shown, therefore he was not a tenant at all, and could make no valid assignment of lease, and appellant was a trespasser until he rented of Talbott. Lehman v. Nolting, 56 Mo. App. 594. But conceding, for argument's sake, that Denny and Williams did enter under that lease and pay rent, then they became tenants from month to month and can not assign without the written assent of their landlord. R. S. 1889, sec. 6368.

ELLISON, J.—This is an action for balance rent alleged to be due for the use and occupation of a building in Maryville, Missouri. The plaintiff recovered.

Defendant interposed a demurrer to the evidence which was overruled and the cause was submitted to the jury directing a verdict for plaintiff if they believed defendant agreed to pay plaintiff $20 per month for for the rent of the building. There was not a particle of evidence to support this instruction so far as the record shows.

There was no evidence whatever to sustain plaintiff's case. Indeed he seems to have no connection whatever with the building as owner or otherwise. Defendant seems to have taken an assignment of a lease for three years executed by one Mrs. Draper to defendant's assignors. He paid rent to Mrs. Draper's agent until his removal from Maryville. Thereafter we gather by inference from the record that more than one party was claiming the rent through agents; that defendant paid some to an agent representing this plaintiff but protesting that he wanted to pay to the right party, if he knew who was such party. There was a total failure to make out a case and the judgment will be reversed. All concur.